IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ANTONIO LAMONT GREEN,  )
           Petitioner,  )
                       )    Civil Action No. 14-74
vs.                           )    Judge Mark Hornak/
                             )    Magistrate Judge Maureen P. Kelly
SUPERINTENDENT BRIAN COLEMAN,  )
*et al.,*  )
           Respondent.  )

# REPORT AND RECOMMENDATION

## I. RECOMMENDATION

It is respectfully recommended that this action be dismissed prior to service because Petitioner seeks to attack his state court conviction, not through a traditional habeas petition but by way of a "Motion to Vacate a Void Judgment Pursuant to Rule 60(B)(4)" (the "Motion to Vacate").[1] Dismissal is recommended because Federal Rule of Civil Procedure 60 does not apply to state court judgments.

## II. REPORT

### A. Procedural History

Antonio Lamont Green ("Petitioner") initiated these proceedings by filing a Motion for Leave to Proceed In Forma Pauperis ("IFP Motion") in order to pursue an action based on the Motion to Vacate. By means of the Motion to Vacate, Petitioner seeks to attack and void his state court convictions for Criminal Attempted Murder, Aggravated Assault and a firearms violation. These convictions were obtained in the Court of Common Pleas of Allegheny County in June, 2005. Petitioner was sentenced in November, 2005 to 15 to 30 years in the

---

[1] Fed.R.Civ.P. 60(b) (4) provides that "On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: . . . (4) the judgment is void[.]"

aggregate. After Petitioner's direct appeal rights were reinstated, Petitioner filed a direct appeal to the Superior Court of Pennsylvania which affirmed the conviction. Petitioner filed a Petition for Allowance of Appeal with the Supreme Court of Pennsylvania, which denied the Petition on December 2, 2008. On January 26, 2009, Petitioner filed a timely Post Conviction Relief Act ("PCRA") Petition (the "first PCRA Petition"), which the PCRA trial court denied on June 10, 2010. Petitioner did not appeal from that adverse decision. ECF No. 1-2 at 3. Waiting for more than two years to pass, Petitioner filed what purported to be a state habeas corpus petition in the Court of Common Pleas of Allegheny County. The Court of Common Pleas of Allegheny County treated the state habeas corpus petition as a second PCRA Petition, and dismissed it on September 17, 2012 as being untimely filed and as being meritless. Id. at 2 to 4. Petitioner filed an appeal to the Pennsylvania Superior Court which affirmed on November 19, 2013. ECF No. 1-3. Petitioner did not file a Petition for Allowance of Appeal in the Supreme Court of Pennsylvania. ECF No. 1-1 at 2, ¶ 7.

On December 31, 2013, Petitioner signed the IFP Motion. ECF No. 1 at 1. However, based on the date of the postmark, Petitioner did not mail the IFP Motion and the Motion to Vacate until January 13, 2014, ECF 1-1 at 5. The Clerk of Court did not receive Petitioner's filings until January 17, 2014.

### B. Discussion

The Court always has inherent power to control its own dockets so as to enable the Court to dismiss prior to service improper pleadings. See, e.g., Carroll v. Court of Common Pleas of Allegheny County, No. CIV.A. 07-1707, 2008 WL 426272, at *1 (W.D.Pa. Feb. 14, 2008) ("Pursuant to the court's inherent power to control its own dockets, the court recommends that this petition be dismissed pre-service")(footnote omitted)(citing Chambers v. NASCO, Inc., 501

2

U.S. 32, 46-47 (1991)); Stafford v. United States, 208 F.3d 1177, 1179 (10th Cir. 2000) ("we should impose the following filing restrictions using our inherent power to regulate federal dockets, promote judicial efficiency, and deter frivolous filings").

In the exercise of the Court's inherent powers, this action, based on the pending Motion to Vacate, should be dismissed before service because the Federal Rules of Civil Procedure do not apply to enable a federal court to void a state court judgment, which is what Petitioner seeks to do. ECF No. 1-1 at 4, ¶ 16 (the state "Trial Court was without jurisdiction to convict and sentence Petitioner to Criminal Attempt Murder upon the failure of the Commonwealth's duty to formally charge him . . . . WHEREFORE, Petitioner does hereby request that this Honorable Court grant him the federal relief pursuant to Rule 60(b)(4) by vacating the Judgment Order as void as to the Sentence and Conviction . . ."). However, it has long been held that a state prisoner cannot invoke Fed.R.Civ.P. 60 to attack a state court judgment. See, e.g., Burnett v. Amrein, 243 F.App'x 393, 395 (10th Cir. 2007)) ("Last, the district court correctly denied the Burnetts' motion to vacate the state-court judgments. As the court held, Fed.R.Civ.P. 60(b) 'does not authorize a federal district court to relieve the Burnetts of a judgment entered in state court'"); Graham v. South Carolina, C.A. No. 6:11–595, 2012 WL 527606, at *2 (D.S.C., Feb. 16, 2012) ("Petitioner misunderstands the import of Rule 60(b), which provides that a federal district court may provide relief from its own civil judgments. Rule 60(b) does not authorize a federal district court to review a state criminal conviction and judgment, as is the case here.").

Because Petitioner cannot attack his state court judgment, utilizing a Motion to Vacate, ostensibly filed pursuant to Fed.R.Civ.P. 60, this action should be dismissed pre-service.

The Court notes that Petitioner is apparently seeking to utilize Fed.R.Civ.P. 60 because he is aware of the fact that if he were to attempt to file a Petition for Writ of Habeas Corpus by a

Person in State Custody pursuant to 28 U.S.C. § 2254, the Petition would be time barred. See ECF No. 1-1 at 2,¶ 8 ("Overwhelming authority exists for the proposition that there is no time limits [sic] with regard to a challenge to a void judgment because of its status as a nullity; thus laches is no bar to recourse to Rule 60(b)(4).").

However, as explained by the United States Court of Appeals for the Third Circuit, the only method by which a state court convict is able to attack a state conviction for which he is or will be serving a sentence, is by means of a Section 2254 Habeas Petition. Coady v. Vaughn, 251 F.3d 480, 484 (3d Cir. 2001). See also Crouch v. Norris, 251 F.3d 720, 723 (8th Cir. 2001) ("Not only is § 2254 an appropriate vehicle for Crouch's proposed claims, it is, as a practical matter, the only vehicle. This is because Crouch is a 'person in custody pursuant to the judgment of a State court,' 28 U.S.C. § 2254(a), and can only obtain habeas relief through § 2254, no matter how his pleadings are styled.").

While this Court has discretion to re-characterize the Motion to Vacate as a Section 2254 Habeas Petition,[2] the Court should decline to exercise such discretion in this case for two independent reasons. First, even if the Court were to re-characterize the Motion to Vacate as a Section 2254 Habeas Petition, the re-characterized Section 2254 Habeas Petition would be subject to pre-service dismissal as it is patently time barred under the Anti-Terrorism and Effective Death Penalty Act. Such re-characterization would serve no purpose as to the outcome of this case and the law does not require a useless act. Consolidated Stores Intern. Corp. v. London Insurance and Reinsurance Market Assoc., No. C2-96-1047, 2001 WL 1681139, at *6 (S.D. Oh. Oct.24, 2001) ("*Lex non cogit ad inutilia*: the law does not require a useless act.").

---

[2] "At best, in its discretion a district court may choose to interpret a 60(b)(4) motion attacking a state criminal judgment as a § 2254 petition, but all the strictures of AEDPA will apply." Sherratt v. Friel, 275 F. App'x 763, 766 n.1 (10th Cir. 2008).

Second, because it is clear that Petitioner intended to file the Motion to Vacate pursuant to Fed.R.Civ.P. 60(b)[3] and because "even a pro se litigant is master of his own case," Temple v. Coleman, No. 12–1517, 2012 WL 6681764, at *1 (W.D. Pa. Nov. 5, 2012), *report and recommendation adopted by*, 2012 WL 6681686 (W.D. Pa. Dec. 21, 2012), the Court should decline to re-characterize the Motion to Vacate. See id., 2012 WL 6681764, at *1 ("Because it appears to this Court that Petitioner clearly intended to file a Section 2254 habeas petition, the Court will treat the current filing as constituting a petition for writ of habeas corpus").

### III. CONCLUSION

For the foregoing reasons, this action should be dismissed before being served because Petitioner cannot utilize a Motion to Vacate, filed pursuant to Fed.R.Civ.P. 60, in order to attack a state court judgment.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Local Rule 72.D.2, the parties are permitted to file written objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Objections are to be submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219. Failure to timely file objections will waive the right to appeal. Brightwell v. Lehman, 637 F.3d 187, 193 n. 7 (3d Cir. 2011). Any party opposing

---

[3] Osbourne v. Johnson, 207 F.App'x 317, 318 (4th Cir. 2006) ("Derwin A. Osbourne filed a Fed.R.Civ.P. 60(b) motion, purporting to challenge a state court judgment. The district court construed the filing as a 42 U.S.C. § 1983 (2000) action and dismissed it for failure to state a claim under 28 U.S.C. § 1915A (2000). . . . Because Osbourne's motion was unambiguously titled and because he subsequently made his intent explicitly clear, we find that the district court erred in construing his filing as a § 1983 complaint.").

5

objections may file their response to the objections within fourteen (14) days thereafter in accordance with Local Civil Rule 72.D.2.

                                                  Respectfully submitted:

                                                  *s/ Maureen P. Kelly*
                                                  MAUREEN P. KELLY
                                                  U.S. MAGISTRATE JUDGE

Date:    February 19, 2014

cc:      The Honorable Mark R. Hornak
          United States District Judge


          Antonio Lamont Green
          FN-6123
          SCI Fayette
          Box 9999
          Labelle, PA 15450